**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Michelle Unique Miller, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Matthew John Arthur, | ) | |
| | ) | Case No. 1:26-cv-061 |
| Defendant. | ) | |

Plaintiff is an inmate at the Dakota Corrections and Rehabilitation Center in New England, North Dakota. (Doc. No. 2-2).  She initiated the above-captioned action on March 6, 2026, with the submission of an Application to Proceed *In Forma Pauperis,* which the court granted, and a complaint.  (Doc. Nos. 2, 7, and 9).

On March 19, 2026, Plaintiff filed: a motion requesting a subpoena (Doc. No. 12). On April 9, 2026,she filed what the court construes as a motion to compel. (Doc. No. 19).  On April 13, 2026, Plaintiff filed: (1) a motion to compel production of medical records (Doc. No. 21); (2) a motion requesting that the court schedule a Rule 16 conference (Doc. No. 22); and a motion for summons. (Doc. No. 23).

Statute mandates that, prior to ordering service of a prisoner's complaint on the named defendant, the court must first screen the prisoner's complaint to determine whether it contains any cognizable claims.  See 28 U.S.C. § 1915A.  If the complaint survives the initial screening in whole or in part, the court will instruct the Clerk's office to serve the complaint on the named defendant,, who will then have a chance to file an answer or otherwise respond.  Once the defendant has responded, the court will then direct the parties to submit proposed scheduling and discovery plans

1

for its review and schedule a Rule 16 conference. Following the Rule 16 conference, the court will issue a scheduling and discovery order.  See Fed. R. Civ. P. 16(b)(1).  In the interim, discovery is not generally permitted.  Cf. Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.").

Here, the court has not completed its screening of Plaintiff's complaint much less ordered Defendant to answer or otherwise respond.  Consequently, the court finds that Plaintiff's motions for a subpoena, motions to compel, and motion requesting a Rule 16 conference are premature. Plaintiff's motion for a subpoena  (Doc. No. 12), motions to compel (Doc. Nos. 19 and 20), and motion requesting a Rule 16 conference (Doc. No. 23) are therefore **DENIED** without prejudice. No discovery shall be permitted pending further order of the court.

Insofar as Plaintiff is that summons be issued, her motion (Doc. No.23) is **DENIED** without prejudice.  Again, the court has yet to screen Plaintiff's complaint.  If the complaint survives initial screening, the court will instruct the Clerk's office to effectuate service on Defendant.

**IT IS SO ORDERED.**

Dated this 13th day of April, 2026.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court

2